IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMME DENISE BROOKS,<br><br>   Plaintiff,<br><br> -vs-<br><br>ANDREW M. SAUL,[1]<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Civil Action No. 18-1711 |

AMBROSE, Senior District Judge

## **OPINION**

  Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 13 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 14 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion (ECF No. 13) and denying Defendant's Motion for Summary Judgment. (ECF No. 15).

## **I. BACKGROUND**

  Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Paul Kovac, held a hearing on January 25, 2018. (ECF No. 9-3). On June 20, 2018, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 9-2, pp. 11-25).

  After exhausting all administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 13 and 15). The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     **Weighing of Opinion Evidence**

Plaintiff argues that the ALJ failed to properly evaluate the medical opinion evidence of record.[2] (ECF No. 14, pp. 12-19). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2).

---

[2] Plaintiff's physical limitations are not the subject of the appeal. (ECF No. 14, p. 1). Therefore, my discussion is focused accordingly.

The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

4

Throughout Plaintiff's brief, she argues that the ALJ improperly rejected all of the medical opinion evidence and used his lay interpretation of the medical data to craft Plaintiff's residual functional capacity (RCF).[3] (ECF No. 14, pp. 12-19). After a review of the evidence, I find the ALJ's decision in this regard troubling.

Here, the ALJ specifically gave little weight to all of the treating mental health providers' opinions. (ECF No. 9-2, p. 23). The only mental health opinion which the ALJ gave any weight was to Dr. Yeater, the state agency psychological consultant. *Id.* The ALJ gave weight to Dr. Yeater's opinion that Plaintiff could perform simple routine tasks in a stable work environment but rejected portions of her opinion because "evidence dated after Dr. Yeater rendered her opinion, including the claimant's testimony about social interaction[,] indicates additional limitations." *Id.* This paragraph is underdeveloped as I find it unclear what portions of Dr. Yeater's opinion the ALJ gave weight.[4] *Id.* Nonetheless, it is evident that the ALJ only gave Dr. Yeater's opinion partial weight. *Id.*

Since the ALJ rejected all other mental opinion evidence, there was no other mental health opinion evidence for which to base his RFC. (ECF No. 9-2, pp. 11-25). Yet, the ALJ crafted an

---

[3] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

[4] While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, he must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008). To that end, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981); *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

RFC that included multiple mental health limitations. (ECF No. 9-2, p. 16). In other words, there is no other opinion evidence of record regarding Plaintiff's mental functional abilities upon which the ALJ could have relied upon in forming Plaintiff's RFC as it relates to, at a minimum, "evidence dated after Dr. Yeater rendered her opinion, including the claimant's testimony about social interaction." (ECF No. 9-2, p. 23). "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). Furthermore, "an administrative law judge lacks the expertise to ascertain a claimant's residual functional capacity from raw medical data." *Moffatt v. Astrue*, No. CIV.A. 10-226, 2010 WL 3896444, at *6 (W.D. Pa. Sept. 30, 2010) (citations omitted). This is especially true in this case given Plaintiff's mental health evidence and the fact that the ALJ found Plaintiff was not entirely consistent. (ECF No. 5-2, p. 20). Consequently, after a review of the record, I am unable to discern the ALJ's basis for his very specific RFC determination containing numerous mental limitations. Therefore, I find the ALJ's opinion is not based on substantial evidence and remand is warranted.[5]

An appropriate order shall follow.

---

[5] Since I am remanding as set forth above, I need not address the other issues raised by Plaintiff. For clarity sake, however, I note that the ALJ states that the opinion of Dr. Jarquin is given little weight, in part, because Plaintiff's mood "improved" and she was "less helpless." (ECF No. 9-2, p. 23). The ALJ also made it a point to pick out similar references from the medical treatment notes. *Id.* at pp. 21-22. These terms, however, do not translate into inconsistencies or suggest Plaintiff does not have functional limitations. Just because someone improves does not necessarily mean that there are inconsistencies with an opinion of marked or serious limitations or that Plaintiff's work-related abilities/limitations improved or are adequate. It very well could mean that in her improved state, Plaintiff still has marked or serious limitations preventing Plaintiff from working on a sustained basis.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAMME DENISE BROOKS, )
          Plaintiff, )
  -vs- ) Civil Action No. 18-1711
ANDREW M. SAUL,[6] )
COMMISSIONER OF SOCIAL SECURITY, )
          Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 18th day of February, 2020, it is ordered that Plaintiff's Motions for Summary Judgment (ECF No. 13) is granted and Defendant's Motion for Summary Judgment (ECF No. 15) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[6] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.